UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

GIDGET JARREAU ROBERTSON,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.
_____/

# COMPLAINT

Plaintiff, GIDGET JARREAU ROBERTSON, sues Defendant, CARNIVAL CORPORATION, and alleges:

## A. Summary of Case

1. This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line.

## B. Basis for Jurisdiction and Venue

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a) The Plaintiff is a citizen of Louisiana.

    (b) The Defendant is a corporation incorporated under the laws of the Republic of Panama. The Defendant's principal place of business is in Florida.

    (c) The amount in controversy, without interests and costs, exceeds $75,000.

3. This case has been filed in this district because the Plaintiff's cruise ticket

contains a forum-selection clause that says that actions such as this may be filed only in the United States District Court in Miami, Florida.

## C.  Maritime Law

4. This case is governed by general maritime law.

## D.  Three Counts of Negligence

### Count 1
### Negligence: Slipping Hazard

5. On or about May 12, 2019, the Plaintiff was a fare-paying passenger aboard *Carnival Valor,* a cruise ship owned and operated by the Defendant.

6. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

7. At that time and place, on the carpeted stairway between decks 11 and 9, the Defendant breached its duty of care toward the Plaintiff when it caused or permitted the stairway carpet to be wet and slippery from cleaning.

8. The Defendant caused this hazard and the Defendant knew about this hazard or the hazard existed for a sufficient length of time that the Defendant should have known about it or the condition occurred with regularity and was therefore foreseeable.

9. As a result of the Defendant's breach, the Plaintiff slipped and fell while walking on the wet carpet.

10. When the Plaintiff fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The

losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

11.     The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for more than $75,000 in damages against the Defendant, and the Plaintiff demands a jury trial.

### Count 2
### Negligence: Failure to Warn

12.     On or about May 12, 2019, the Plaintiff was a fare-paying passenger aboard *Carnival Valor,* a cruise ship owned and operated by the Defendant.

13.     At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

14.     At that time and place, on the carpeted stairway between decks 11 and 9, the Defendant breached its duty of care toward the Plaintiff when it failed to warn the Plaintiff that a section of the carpeted stairway was wet and slippery from cleaning.

15.     As a result of the Defendant's failure to warn the Plaintiff that the carpet was wet and slippery, the Plaintiff slipped and fell while walking on the wet carpet.

16.     When the Plaintiff fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

17.     The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for more than $75,000 in damages against the

Defendant, and the Plaintiff demands a jury trial.

## Count 3
### Negligence: Failure to Cordon off Hazard

18. On or about May 12, 2019, the Plaintiff was a fare-paying passenger aboard *Carnival Valor,* a cruise ship owned and operated by the Defendant.

19. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

20. At that time and place, on the carpeted stairway between decks 11 and 9, the Defendant breached its duty of care toward the Plaintiff when it failed to cordon off a carpeted stairway that was wet and slippery from cleaning.

21. The Defendant caused this hazard and the Defendant knew about this hazard or the hazard existed for a sufficient length of time that the Defendant should have known about it or the condition occurred with regularity and was therefore foreseeable.

22. As a result of the Defendant's breach, the Plaintiff walked on the wet carpet and slipped and fell.

23. When the Plaintiff fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

24. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for more than $75,000 in damages against the

Defendant, and the Plaintiff demands a jury trial.

Dated:  April 3, 2020                               Respectfully submitted,

                                                                              David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Florida Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
Tel: (954) 920-1571
Attorneys for the Plaintiff Gidget Jarreau Robertson